UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
BEREL SOMPOLINSKY
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

        -against-


FIRSTSOURCE ADVANTAGE, LLC

                        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Berel Sompolinsky seeks redress for the illegal practices of Firstsource Advantage, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a defaulted consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Berel Sompolinsky

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about May 6, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.    The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.  The Second Circuit stated in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."

12.    The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

13.    However if the "**Account Balance**" will never increase and the holder of the debt will

<u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the

Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under
> Section 1692e for failing to disclose that the consumer's balance
> <u>may</u> increase due to interest and fees if the collection notice *either*
> accurately informs the consumer that the amount of the debt
> stated in the letter <u>will</u> increase over time, *or* clearly states that the
> holder of the debt <u>will</u> accept payment of the amount set forth in
> full satisfaction of the debt." Id. at 817.

The Second Circuit in Avila did not "hold that a debt collector must use any particular

disclaimer" *Id.*

14.    However the Second Circuit did address all the possible scenarios: 1) If the "current

balance" <u>could</u> increase over time, then the collection notice must disclose that the

"balance <u>might</u> increase due to interest and fees". *Id*. 2) If the "current balance" is

<u>currently</u> increasing, then the collection notice must disclose that the amount of the debt

stated, "in the letter <u>will</u> increase over time". *Id*. 3) If the "current balance" will never

increase and the debt collector is always willing to accept this "specified amount" in

"full satisfaction" of the debt, then the debt collector must state so clearly. However, if a

debt collector is willing to accept a "specified amount" in full satisfaction of the debt

<u>only</u> if payment is made by a specific date, then the debt collector must simplify the

consumer's understanding by so stating, while advising that the amount due <u>could</u>

increase by the accrual of additional interest or fees if payment is not received by that

date.

15.    In this case, the "**Account Balance**" was increasing due to interest per the creditor's

contract.  Nevertheless, the collection notice did not disclose that the amount of the debt

stated in the letter "could" or "will" increase over time.

16.    The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or not the said account was accruing interest.

17.    The said letter fails to include the safe harbor language set out by the Second Circuit.

18.    The "**Account Balance**" in this case was for an amount that included original principal, fees, and contractual interest.

19.    The Plaintiff was left uncertain as to whether the "**Account Balance**" was accruing interest as there was no disclosure that indicated otherwise.

20.    The Plaintiff was left unsure whether the "**Account Balance**" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

21.    A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

22.    In fact, however, since contractual interest is automatically accruing daily, and since there will be undisclosed fees that will accrue, a consumer who pays the "**Account Balance**" stated on the notice will not know whether the debt has been paid in full.

23.    The debt collector could still seek the automatically accrued contractual interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and undisclosed fees from the consumer.

24.    The statement of an "**Account Balance**", without notice that the amount <u>may</u> increase or is already increasing due to automatically accruing contractual interest, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

25.    The FDCPA requires debt collectors, when notifying consumers of their account

balance, to disclose that the balance <u>may</u> increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

26.    The amount of the contractual interest automatically increases each day that the defaulted debt remains unpaid due to the automatically accrued interest.

27.    Collection notices that state only the "**Account Balance**," but do not disclose that the balance <u>might</u> increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

28.    To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

29.    If the "**Account Balance**," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.

30.    Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those disclosures in violation of 1692e.

31.    If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to

consumers of the actual balance as is embodied in Section 1692e.

32.    The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[1]

33.    Because the statement of the "**Account Balance**" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt.  Id. at 817.

34.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

35.    According to the Second Circuit's finding that the "**Account Balance**" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if

---

[1] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

36.    The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

37.    In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract.  The consumer could not know what the real balance is.

38.    The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[2] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[3]

39.    The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge interest in its statements post charge off that alone does not constitute an express waiver and interest is still continuing to accrue and may be charged at a future time.

40.    According to the Second Circuit in *Avila*, any debt that <u>was</u> accruing interest and fees

---

[2] *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)
[3] *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

would need full and complete disclosure which would either clearly state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.[4]

41.    Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e since Courts have held that <u>even</u> if the right to collect interest was waived by the creditor, debt collectors could still charge interest and they would not violate the FDCPA for charging interest if the original credit card agreement permitted the charging of interest on late payments.[5]

42.    The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

43.    Since the "**Account Balance**" is for an amount that includes original principal, fees, and contractual interest, the collection notice must accurately inform the consumer that interest may accrue or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current

---

[4] *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016). ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the *Wal-Mart* account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original creditors' demands upon [the debtor].")

[5] *Rice v. Resurgent Capital Servs., L.P.*, No. 15 CV 6319 (KAM)(CLP), 2017 U.S. Dist. LEXIS 20932, at *19-20 (E.D.N.Y. Feb. 13, 2017). ("[C]ourts in other districts have held that <u>even</u> if the right to collect interest was waived by the creditor, debt collectors do not violate Section 1692f(1) if the original credit card agreement permitted the charging of interest on late payments.), *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1110 (N.D. Ill. 2014). (granting summary judgment on the Section 1692f(1) claim and holding that, "even if *BOA* waived its right to collect [*20] interest, Defendants cannot have violated 1692f(1) if the original agreement between *Mr. Simkus* and *BOA* allowed for charging interest on late payments"), *Wilder v. J.C. Christensen & Assocs., Inc.*, No. 16 CV 1979, 2016 U.S. Dist. LEXIS 168440, 2016 WL 7104283, at *7 (N.D. Ill. Dec. 6, 2016). (granting the motion to dismiss and holding that, "Plaintiff's allegation that Defendant engaged in 'unfair' or 'unconscionable' conduct by claiming that interest 'may' be added to Plaintiff's account is not a violation of Section 1692f(1) even if she could demonstrate that *Credit One* waived its contractual right".), See also *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 544 (N.D. Ill. 2012). (granting the motion to dismiss the 1692f(1) claim and holding that, "[t]he Court agrees that § 1692f(1) appears to be directed at debt collectors who charge fees not contemplated by the original agreement, not debt collectors who seek to charge fees contemplated by the agreement but arguably waived thereafter".)

balance" stated on the notice will not know whether the debt has been paid in full."[6]

44.    The "**Account Balance**" is for an amount that includes original principal, fees, and contractual interest.  If interest was waived or stopped accruing the collection notice must disclose that the debt is "static" and that the holder of the debt would accept payment of the amount set forth in full satisfaction of the debt. _McNamee v. Debski & Assocs., P.A._, No. 8:16-cv-2272-T-33TBM, 2016 U.S. Dist. LEXIS 131912, at *8-9 (M.D. Fla. Sep. 27, 2016). ("The letters did not inform [the debtor] that _Capital One_ had instructed [the debt collector] to cease collecting[] interest... i.e., that _Capital One_ was willing to accept $3,129.05 in full satisfaction of the debt. Because the letters did not "clearly state[] that the holder of the debt [would] accept payment of the amount set forth in full satisfaction of the debt . . .," _Avila_, 817 F.3d at 77, [the debtors] Complaint plausibly states a claim to relief under the FDCPA.") (citations omitted)

45.    Since interest was accruing per the creditors contract the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

46.    Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

47.    "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. _On one hand_, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further

---

[6] _Avila v. Riexinger & Assocs., LLC_, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law. Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." <u>*Snyder v. Gordon,*</u> No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at \*8-9 (W.D. Wash. Aug. 24, 2012), <u>*Avila v. Riexinger & Assocs., LLC,*</u> 817 F.3d 72, 75 (2d Cir. 2016), ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard...**Under this standard, a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate.**")

48.  "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest" <u>*Michalek v. ARS Nat'l Sys.,*</u> No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at \*16-17 (M.D. Pa.

Dec. 13, 2011)

49.     The Plaintiff and the least sophisticated consumer could conclude from the said collection letter, that the "**Account Balance**" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted. However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "**Account Balance**" the Defendant and or the creditor _could_ still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer. (Avila, at *10-11.)

50.     A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest. At the bare minimum a debt collection agency must clearly convey, even to the least sophisticated consumer that it intends to waive the automatically accruing interest, or clearly state that the holder of the debt would always accept payment of the amount set forth in "full satisfaction" of the debt.

51.     Any debtor, who goes ahead and pays the "**Account Balance**" as stated in the Defendant's letter, will be left unsure as to whether or not the debt has been paid in full, as the Defendant could always attempt to collect on any interest and fees that may have accumulated after the Defendant's letter was sent, but before the balance due was paid.

52.     The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

53.     Section 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54.    The said letter is a standardized form letter.

55.    Upon information and belief, the Defendant's letters, such as the said collection letter, number in the hundreds.

56.    Defendant's May 6, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

57.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

58.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

59.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

60.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

61.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

62.    Defendant's communications were designed to cause the debtor to suffer a harmful

disadvantage in charting a course of action in response to Defendant's collection efforts.

63.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

64.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

65.    As an actual and proximate result of the acts and omissions of Firstsource Advantage, LLC, Plaintiff has suffered, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

66.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty five (65) as if set forth fully in this cause of action.

67.    This cause of action is brought on behalf of Plaintiff and the members of a class.

68.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 6, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Bank of

America, N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

69.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.    Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.    The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

70.     A class action is superior for the fair and efficient adjudication of the class members'

claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would

create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of

judicial economy.

71.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class

pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

72.     Collection attempts, such as those made by the Defendant are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

73.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

74.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that

this Court enter judgment in his favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action;
and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 16, 2017


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

Statement Date: 05-06-16
Creditor: Bank of America, N.A.
Our Reference #: [____]01
Creditor Account #: XXXXXXXXXXXX6920
Account Balance: $2,166.42

# *firstsource*

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 • 1-866-697-4095

Dear Berel Sompolinsky:

This account has been placed with our office for collection in order to resolve your delinquent debt. Please make your check or money order payable to Firstsource Advantage, LLC.

Should you wish to speak to a representative concerning your account you may contact this office at 1-866-697-4095. Please refer to the account number indicated above.

Your current balance as of the date of this letter is $2,166.42.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Tony Balon
Firstsource Advantage, LLC
A Professional Debt Recovery Agency

New York City Department of Consumer Affairs License #1262554.

| Customer Service and Payment Information |
|---|

☎ Telephone: Toll free: 1-866-697-4095   📠 TTY / TDD Users: 1-800-662-1220
🕐 Office Hours (Eastern Time): Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm, Saturday 8am-12pm
✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228

***Please Detach Lower Portion and Return with Your Payment***

**Do not send correspondence to this address.**

CZFRST01
PO Box 1022
Wixom MI  48393-1022

CHANGE SERVICE REQUESTED

| Account #: 01 | Amount Paid: |
|---|---|
| Balance Due: $2,166.42 | $ |

05-06-16

ıı|ı|ıı|ı|ı||ıı|ı|ıı|ıı|ıı||ı|ıı|ı|ı||ı|ıı|ı|ı|ıı|ı|ıı|ı
BEREL SOMPOLINSKY
1066 50TH ST
BROOKLYN NY 11219-3333

**Make Payment To:**
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

ıı|ıı|ı|ı|ı|ı|ı|ı||ıı|ıı|ıı|ıı|ı|ı|ı|ıı|ı|ı|ıı|ı|ıı|ı

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment*